**Fred W. PHELPS, Plaintiff-Appellant,**

v.

**Ronald REAGAN, in his official capacity as President of the United States, and William Wilson, in his official capacity as United States Ambassador-Nominee to the Holy See, Defendants-Appellees.**

No. 85–2279.

United States Court of Appeals, Tenth Circuit.

March 2, 1987.

Fred W. Phelps, Jr., and Margie J. Phelps of Phelps Chartered, Topeka, Kan., for plaintiff-appellant.

Richard K. Willard, Asst. Atty. Gen., Michael Jay Singer and Nicholas S. Zeppos, Attys., Appellate Staff, Civil Div., Dept. of Justice, Washington, D.C., and Benjamin L. Burgess, Jr., U.S. Atty., Topeka, Kan., for defendants-appellees.

Before BARRETT, MOORE, and BALDOCK, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.8(c) and 27.1.-2. The cause is thereby ordered submitted without oral argument.

Appellant, Fred W. Phelps, an attorney and minister of the Old School Baptist Order, filed a complaint in the United States District Court for the District of Kansas against President Ronald Reagan and William Wilson, Ambassador to the Vatican, seeking a declaratory judgment that the appointment of Ambassador Wilson is a violation of the Establishment Clause of the First Amendment; an injunction restraining the defendants from establishing diplomatic relations with The Holy See; and costs, fees, and expenses of the litigation. In a thoughtful and well-reasoned memorandum and order, the district court granted defendants' motion to dismiss on the grounds of lack of standing and lack of justiciability. After reviewing the record and the briefs of the parties, we affirm.

As a citizen, taxpayer, and Baptist minister, Mr. Phelps contended that the President's appointment of Ambassador Wilson was a "novel and unprecedented action" which was designed to accomplish "a predominantly religious purpose." Mr. Phelps contended that "The Holy See is not a foreign government" but "a pure and simple religious establishment." Thus, he contended, the action of the President involved the government of the United States "in the religious affairs of [a] church." He also averred that the appointment of an ambassador to the Vatican "is not for the legitimate diplomatic purpose by the executive branch of smoothing relations between governments, but for the illegitimate purposes of utilizing the ecclesiastical machinery of a specific church to illicitly assist the Reagan administration in carrying out its foreign policy, and to illicitly advance Reagan's personal partisan political interests by currying favor with the American members of a specific church in an election year."

Similar, albeit less flamboyant, contentions were raised in *Americans United for Separation of Church and State v. Reagan,* 786 F.2d 194 (3d Cir.1986); *cert. denied sub nom. American Baptist Churches in the U.S.A. v. Reagan,* —— U.S. ——, 107 S.Ct. 314, 93 L.Ed.2d 288 (1986). In that case the court dispatched the same issues of standing and lack of justiciability upon which the district court grounded its opinion and which are now argued before us in this case. Mr. Phelps has made no effort to distinguish *Americans,* and we find its reasoning compelling.

We agree with the Third Circuit that because the appropriations challenged here do not deal with the general welfare and are not solely dependent upon the taxing and spending clause (U.S. Const. art. I, § 8, cl. 1), Mr. Phelps has no standing as a taxpayer. *Americans,* 786 F.2d at 198–99. He lacks standing as a citizen because the acts of which he complains do not interfere with his individual rights. *Id.* at 200. To the extent that the appointment of Ambassador Wilson affects Mr. Phelps' status as a minister because of some devolving stigmatization born of a difference between his religion and that of The Holy See, the absence of a nexus between that status and the acts of which he complains deprives him of standing. *Id.* at 200–01. Finally, the question of whether to appoint an ambassador is one vested solely in the Executive Branch; hence, it presents no issue for decision by the court. *Id.* at 201–02. Because anything we might add would be simply redundant, further exposition is neither necessary nor desired.[1] We therefore follow the lead of the Third Circuit and affirm.

---

1. We note that Mr. Phelps has argued that the district court failed to take all facts asserted in his complaint as true; therefore, the motion to dismiss was denied on improper grounds. Yet, his lack of standing and the absence of a justiciable issue exist even though *all* of the contents of his complaint are taken as true.